UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRONE PARKER,

    Plaintiff,

    v.                                CAUSE NO. 3:23-CV-698-HAB-SLC

NANCY MARTHAKIS, et al.,

    Defendants.

OPINION AND ORDER

Tyrone Parker, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 4.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Parker is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Parker is an inmate at Indiana State Prison ("ISP"). He alleges that on or about August 24, 2021, he was found unresponsive in his cell by a correctional officer. He was immediately taken to the medical unit, and later to an outside medical facility.

It was determined that he had a "severe sodium level drop" as a result of medication he was taking for hypertension prescribed by Dr. Nancy Marthakis. He claims that this is a well-known side effect of the drug he was taking, but Dr. Marthakis failed to monitor his sodium levels which caused this incident to occur. He claims that the doctor at the private hospital where he was treated immediately took him off the drug Dr. Marthakis had prescribed.

He further claims that for months he suffered ongoing problems with "altered mental status," loss of control over his bowels, and other problems as a result of the adverse reaction. He also claims that the incident caused him "anxiety and stress," for which he requested mental health treatment. He claims no one responded to his requests until he was at a court hearing on an unrelated matter and "broke down in a crying fit." The judge allegedly asked an Indiana Department of Correction staff member who was present at the hearing to assist him in obtaining mental health treatment. At that point, he was evaluated for mental health care needs. Based on these events, he sues Dr. Marthakis and Christiana Chico, who allegedly oversees the "mental health" unit at ISP, seeking monetary damages.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive

unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. "[M]ere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and internal quotation marks omitted). Instead, the court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted).

Giving Mr. Parker the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Dr. Marthakis. He claims that she prescribed him a medication with a well-known side effect of causing a dangerous drop in sodium levels. Yet she allegedly failed to take any steps to monitor his sodium levels over a period of months, causing him to suffer a severe reaction necessitating hospitalization and causing him prolonged injuries. The complaint can be read to allege that any minimally competent doctor would have monitored his sodium levels to avoid this outcome.[1] He will be permitted to proceed against Dr. Marthakis on a claim for damages.

---

[1] Notably, a grievance response attached to the complaint reflects that Mr. Parker's sodium levels were monitored through periodic testing. (ECF 4-1 at 8.) However, the court considers that this document was drafted by prison staff, and at this stage the court must accept Mr. Parker's version as true. *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998 (at the pleading stage, court should not simply "adopt every word" within exhibit attached to the complaint as true, particularly where the exhibit was "written by the opposition for what could be self-serving purposes").

As for Ms. Chico, she is not mentioned anywhere in the narrative section of the complaint. It is evident from his allegations that he feels his mental health needs were not met, but liability under 42 U.S.C. § 1983 is based on personal responsibility. Ms. Chico cannot be held liable merely because she holds a supervisory position within the medical unit. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is no indication from his allegations that Ms. Chico was personally aware of his need for treatment or that she acted with deliberate indifference to his requests. Supervisory correctional staff can be held liable for a constitutional violation committed by a subordinate if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is insufficient factual content in the complaint from which the court could plausibly infer that Ms. Chico knew about unconstitutional conduct by a subordinate and condoned it, facilitated it, or approved of it. She will be dismissed as a defendant.[2]

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Nancy Marthakis in her individual capacity for money damages for failing to provide him constitutionally adequate medical care by not monitoring his sodium levels, resulting in him having a severe adverse reaction to a medication she prescribed in August 2021;

---

[2] The court does not understand Mr. Parker to be alleging that he has a current need for mental health treatment or to be seeking injunctive relief related to this issue. If the court has misunderstood him, he is free to file an amended complaint outlining in more detail any present need he has for mental health treatment.

4

(2) DISMISSES Christiana Chico as a defendant;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis at Centurion Health and to send her a copy of this order and the amended complaint (ECF 4) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Dr. Nancy Marthakis to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 1, 2023.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT